IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR 99-0734-PHX-RGS |
| Plaintiff/Respondent, | CV 05-0476-PHX-RGS (ECV) |
| vs. | **REPORT AND RECOMMENDATION** |
| Alejandro Torres-Espinoza, | |
| Defendant/Movant. | |

TO THE HONORABLE ROGER G. STRAND, SENIOR UNITED STATES DISTRICT JUDGE:

Pending before the court are Movant's *pro se* Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 (Doc. #517) and Movant's Motion for Clarification Concerning Time Limitation Period and to Correct Defected [sic] § 2255 Motion (Doc. #564).

**BACKGROUND**

On June 15, 2001, following a jury trial, Movant was convicted of 37 felony offenses including conspiracy, hostage taking, transporting and harboring illegal aliens, and multiple counts of interstate communications and possession or use of a firearm during a crime of violence. Doc. #350. Movant was sentenced to imprisonment for life plus 235 years. Doc. #350. Movant filed a direct appeal which was consolidated with those of his co-defendants. The Ninth Circuit Court of Appeals affirmed the convictions and sentence on October 9,

2003. United States v. Torres-Espinoza, et al., 78 Fed.Appx. 563 (9th Cir. 2003). Movant did not file a petition for writ of certiorari to the U.S. Supreme Court. On February 9, 2005, Movant filed his Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 (hereafter "petition"). Doc. #517. He alleges four grounds for relief: (1) that the district court erred by failing to sever his trial; (2) that the district court erred by admitting certain evidence against him; (3) that the cumulative effect of allowing inadmissible evidence was a denial of the right to a fair trial; and (4) that the new law established in U.S. v. Booker, 543 U.S. 220 (2005), applies to his case. The government filed a Response in Opposition on April 15, 2005. Doc. #534. On May 16, 2005, Movant filed a Motion for Leave of Court to Stay Proceedings, which the court denied on June 16, 2005. Doc. #554. On November 14, 2005, Movant filed a Motion for Clarification Concerning Time Limitation Period and to Correct Defected [sic] § 2255 Motion. Doc. #564. Though filed as a motion, it is essentially a reply to the statute of limitations argument raised by the government in its response, along with a request to amend his petition.

**DISCUSSION**

**A.   Statute of Limitations**

The government contends in its response in opposition that the petition is untimely and must therefore be denied.[1] In his motion for clarification, Movant claims that he mailed his petition before the statute of limitations deadline which renders it timely filed.

A federal prisoner's motion for post-conviction relief under § 2255 is subject to a one year statute of limitations that generally runs from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255. Movant's judgment of conviction became

---

[1] Alternatively, the government argues that Movant's first three grounds for relief were rejected on direct appeal and are therefore barred from collateral review. With respect to ground four, the government argues that Booker does not apply retroactively to Movant's case. Because the court finds that Movant's petition is untimely, the court will not address these alternative arguments.

- 2 -

1  final when the date for filing a petition for certiorari expired after the Ninth Circuit affirmed
2  his conviction and appeal.  See Clay v. United States, 537 U.S. 522, 525 (2003) (§ 2255's
3  one-year limitation period starts to run when the time for seeking direct review through a
4  petition for certiorari with the Supreme Court expires.).  The Ninth Circuit issued its decision
5  on October 9, 2003, after which Movant had 90 days to file a petition for certiorari.  Sup. Ct.
6  R. 13.  As a result, Movant's conviction became final for statute of limitations purposes on
7  January 7, 2004.  Movant was required to file his petition within one year of that date.

8        The court file reflects that Movant filed his petition on February 9, 2005, more than
9  one month after the limitations period expired.  Movant contends in his motion for
10 clarification that he first mailed his petition on January 3, 2005, prior to the statute of
11 limitations deadline.  Under the prison mailbox rule a petition is deemed filed on the date the
12 petition is delivered to prison authorities for mailing.  See Jenkins v. Johnson, 330 F.3d 1146,
13 1149 n.2 (9th Cir. 2003).  To support his contention, Movant attaches two certified mail
14 receipts to his motion for clarification.  Doc. #564, Appendix B.  The receipts indicate that
15 documents were mailed to the court on certain dates but they do not identify the documents.
16 Movant contends that one of the receipts shows he mailed his petition on January 3, 2005.
17 The receipt he relies on, however, does not contain a January 3, 2005 postmark as he claims.
18 Doc. #564, Appendix B.  The date of the postmark appears to be January 13 or 18.
19 Moreover, there is nothing to indicate that the mailed document was his petition, and the
20 court docket suggests otherwise. The receipt shows that the document was delivered to the
21 court on January 24, 2005.  Id.  On that same day, the court docket shows the filing of
22 Movant's Motion for Extension of Time to File § 2255 Motion (Doc. #513).  Thus, it appears
23 that the motion for extension of time accompanied the receipt that Movant is relying on, not
24 his petition.  Even if it was the petition, the receipt does not support Movant's claim that it
25 was submitted before the January 7, 2005 statute of limitations deadline.

26       The only petition submitted by Movant was filed on February 9, 2005.  That is the
27 same date reflected on the second certified mail receipt provided by Movant.  The second
28

- 3 -

1 receipt shows February 2, 2005 as the postmark date and February 9, 2005 as the date it was
2 received by the court. Doc. #564, Appendix B.

3 Movant's argument appears to be that before he submitted the petition that was filed
4 on February 9, he had previously submitted a timely petition that was apparently lost. His
5 proof of submitting that petition is, he claims, the first certified mail receipt. As discussed
6 above, however, the postmark date on the receipt is after the statute of limitations deadline.
7 Additionally, the receipt appears to have been for his motion for extension of time, not for
8 some lost original petition. For these reasons, the court finds that Movant's argument is not
9 credible and is, therefore, without merit. The evidence in the record clearly demonstrates that
10 Movant filed his petition after the statute of limitations deadline. The court will therefore
11 recommend that the petition be denied on that basis.

12 **B.     Request to Amend**

13 In his motion for clarification, Movant also asks that he be permitted to amend his
14 petition. In light of the court's conclusion that the petition is untimely, amending the petition
15 would be futile.

16 **IT IS THEREFORE RECOMMENDED:**

17 That Movant's Motion to Vacate, Set Aside or Correct Sentence by a Person in
18 Federal Custody pursuant to 28 U.S.C. § 2255 (Doc. #517) be **denied**; and

19 That Movant's Motion for Clarification Concerning Time Limitation Period and to
20 Correct Defected [sic] § 2255 Motion (Doc. #564) be **denied**;

21 This recommendation is not an order that is immediately appealable to the Ninth
22 Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of
23 Appellate Procedure, should not be filed until entry of the district court's judgment. The
24 parties shall have ten days from the date of service of a copy of this recommendation within
25 which to file specific written objections with the Court. See, 28 U.S.C. § 636(b)(1); Fed. R.
26 Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have ten days within which to file a
27 response to the objections. Failure to timely file objections to the Magistrate Judge's Report
28 and Recommendation may result in the acceptance of the Report and Recommendation by

the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgement entered pursuant to the Magistrate Judge's recommendation. See Fed. R. Civ. P. 72.

DATED this 30th day of January, 2006.

_Edward C. Voss_
Edward C. Voss
United States Magistrate Judge