IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR 99-0734-PHX-RGS |
| Plaintiff/Respondent, | CV 05-0476-PHX-RGS (ECV) |
| vs. | **REPORT AND RECOMMENDATION** |
| Alejandro Torres-Espinoza, | |
| Defendant/Movant. | |

TO THE HONORABLE ROGER G. STRAND, SENIOR UNITED STATES DISTRICT JUDGE:

Pending before the court are Movant's *pro se* Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 (Doc. #517) and Movant's Motion for Clarification Concerning Time Limitation Period and to Correct Defected [sic] § 2255 Motion (Doc. #564).

**BACKGROUND**

On June 15, 2001, following a jury trial, Movant was convicted of 37 felony offenses including conspiracy, hostage taking, transporting and harboring illegal aliens, and multiple counts of interstate communications and possession or use of a firearm during a crime of violence. Doc. #350. Movant was sentenced to imprisonment for life plus 235 years. Doc. #350. Movant filed a direct appeal which was consolidated with those of his co-defendants. The Ninth Circuit Court of Appeals affirmed the convictions and sentence on October 9,

2003.  United States v. Torres-Espinoza, et al., 78 Fed.Appx. 563 (9th Cir. 2003).  Movant did not file a petition for writ of certiorari to the U.S. Supreme Court.

On February 9, 2005, Movant filed his Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 (hereafter "petition") in this court.  Doc. #517.  He alleges four grounds for relief: (1) that the district court erred by failing to sever his trial; (2) that the district court erred by admitting certain evidence against him; (3) that the cumulative effect of allowing inadmissible evidence was a denial of the right to a fair trial; and (4) that the new law established in U.S. v. Booker, 543 U.S. 220 (2005), applies to his case.  The government filed a Response in Opposition on April 15, 2005.  Doc. #534.  On May 16, 2005, Movant filed a Motion for Leave of Court to Stay Proceedings, which the court denied on June 16, 2005.  Doc. #554.  On November 14, 2005, Movant filed a Motion for Clarification Concerning Time Limitation Period and to Correct Defected [sic] § 2255 Motion.  Doc. #564.  Though filed as a motion, it is essentially a reply to the statute of limitations argument raised by the government in its response, along with a request to amend his petition.  In support of his request to amend, Movant filed a "Memorandum of Law in Support of Motion to Vacate" in which he presents three new claims that he wishes to raise in an amended petition.  Doc. #565.

The court previously issued a Report and Recommendation on January 30, 2006, in which it recommended that the petition be denied because it was not filed within the statute of limitations period.  Doc. #572.  In a subsequent motion, however, Movant raised for the first time the fact that one of his co-defendants had filed a petition for rehearing in the Ninth Circuit following the denial of their direct appeal.  Doc. #576.  Even though Movant did not join the petition for rehearing, under Supreme Court Rule 13(3), the petition extended the time to file a petition for writ of certiorari, which in turn extended the date from which the statute of limitations began to run.  Based on this revelation, the District Court determined that Movant's petition was timely filed and referred the case back to this court for a new Report and Recommendation.  Doc. #584.

**DISCUSSION**

- 2 -

**A.     Motion to Vacate, Set Aside or Correct Sentence**

The government argues in its response that Movant's first three grounds for relief were rejected by the Ninth Circuit on direct appeal and are therefore barred from collateral review. Doc. #534. With respect to ground four, the government argues that Booker does not apply retroactively to Movant's case. Id. Movant does not challenge the government's arguments against his four grounds for relief and instead requests that he be allowed to amend his petition to raise new claims.

Under the "law of the case" doctrine, a decision on direct review by the court of appeals is binding on the resolution of the same issue in a § 2255 collateral proceeding. U.S. v. Scrivner, 189 F.3d 825, 827-28 (9th Cir. 1999). "The law in this circuit is clear that when a matter has been decided adversely on appeal from a conviction, it cannot be litigated again on a 2255 motion." Odom v. United States, 455 F.2d 159, 160 (9th Cir. 1972).

Here, Movant contends that he was advised he had to include in his petition the same issues he raised on direct appeal. Doc. #564 at 3. Movant concedes that his claims in grounds one, two and three are the same claims that were rejected by the Ninth Circuit in his direct appeal. Id. The Ninth Circuit's ruling on those claims is binding and Movant may not raise the claims again on collateral review. Accordingly, the court will recommend that those claims be dismissed.

In addition, Movant asserts a Booker claim in ground four of his petition. The extent of his claim, however, is simply the case citation. Doc. #517 at 9. He offers no explanation of how the holding in Booker might have affected the sentence in his case.

The Ninth Circuit Court of Appeals recently held that "Booker is not retroactive and does not apply to cases on collateral review where the conviction was final as of the date of Booker's publication." United States v. Cruz, 423 F.3d 1119, 1121 (9th Cir. 2005). The Court explained that its decision is consistent with every other circuit that has considered the question of whether Booker applies retroactively. Id. at 1120 (citations omitted).

Here, Movant's conviction became final on March 5, 2004, after the deadline expired to file a Petition for Writ of Certiorari in the U.S. Supreme Court. Booker was decided

nearly ten months later, on January 12, 2005. United States v. Booker, 543 U.S. 220 (2005). Booker does not apply retroactively to Movant's claim on collateral review and therefore the court will recommend that the claim in ground four be denied.

**B.     Request to Amend**

In his motion for clarification, Movant also asks that he be permitted to amend his petition. Doc. #564. Along with the motion to amend, Movant filed a Memorandum of Law in which he proposes three ineffective assistance of counsel claims to raise in an amended petition. Doc. #565. Movant filed his motion to amend and supporting memorandum on November 14, 2005, more than eight months after the statute of limitations expired.[1] As a result, unless Movant's proposed amendments relate back to the date of the timely filed original petition, the proposed amendments are outside the statute of limitations and must be rejected.

Rule 15(c) of the Federal Rules of Civil Procedure provides in relevant part:

> An amendment of a pleading relates back to the date of the original pleading when
> 
> * * *
> 
> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading . . . .

In Mayle v. Felix, 125 S.Ct. 2562 (2005), the Supreme Court rejected a broad reading of "conduct, transaction, or occurrence" when determining whether an amended habeas petition relates back to the original. The Court held that an amended petition does not relate back and thereby avoid the statute of limitations bar "when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." Mayle, 125 S.Ct. at 2566. The Court reversed a decision by the Ninth Circuit Court of Appeals, which held that the relevant "transaction" under Rule 15(c)(2) was the petitioner's trial and conviction. Id. at 2568-69. The Court found that the Ninth Circuit's construction of the rule would essentially "obliterate" the statute of limitations. Id. at 2571.

---

[1] Judge Strand determined in a recent order that the statute of limitations expired on March 4, 2005. Doc. #575.

1      Although the petition in Mayle involved a challenge to a state court conviction under
2 28 U.S.C. § 2254, the court finds that the analysis applies with equal force to post-conviction
3 motions challenging federal convictions under 28 U.S.C. § 2255.  Applying the Mayle
4 standard, the court finds that Movant's three new claims do not relate back to the original
5 petition because they are supported by facts that differ in both time and type from those set
6 forth in the original.

7      Each of Movant's three new claims allege ineffective assistance of counsel.  Doc.
8 #565 at 2-9.  First, he contends that his attorney failed to seek the suppression of statements
9 he made to a law enforcement officer.  Movant claims that he provided the statements
10 without being told of his right to communicate with consular officials under the Vienna
11 Convention on Consular Relations and that his lawyer should have argued that as a basis to
12 suppress the statements.  Second, Movant claims that his lawyer rendered ineffective
13 assistance by failing to adequately discuss the benefits of cooperating with the government
14 and entering a plea agreement.  He argues that if he had been properly advised of the option
15 to enter a plea agreement, he would have followed his lawyer's recommendation.  Third,
16 Movant claims that his lawyer failed to properly advise him of his right to testify in his own
17 behalf at trial.  Movant contends that by failing to discuss the implications of testifying or
18 not, his lawyer effectively prevented him from exercising his right to decide whether to take
19 the stand.

20      Movant's original claims on the other hand have nothing to do with alleged errors by
21 his lawyer. His four original claims allege errors by the court: (1) that the district court failed
22 to sever his trial; (2) that the district court improperly admitted certain evidence against him
23 (unrelated to the statements Movant made to the law enforcement official); (3) that the
24 district court denied him a fair trial based on that the cumulative effect of allowing
25 inadmissible evidence; and (4) that the district court imposed a sentence in violation of U.S.
26 v. Booker, supra.  Thus, the facts alleged in support of his new ineffective assistance of
27 counsel claims substantially differ from the facts supporting his original claims.  The court
28 therefore concludes that the new claims do not relate back to the date of the original claims

under Rule 15(c)(2). Accordingly, the new claims are untimely in that the memorandum in which they were raised was filed after the statute of limitations period. As a result, the court will recommend that Movant's motion to amend be denied.

**IT IS THEREFORE RECOMMENDED:**

That Movant's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 (Doc. #517) be **denied**; and

That Movant's Motion for Clarification Concerning Time Limitation Period and to Correct Defected [sic] § 2255 Motion (Doc. #564) be **denied**;

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have ten days within which to file a response to the objections. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgement entered pursuant to the Magistrate Judge's recommendation. See Fed. R. Civ. P. 72.

DATED this 30th day of May, 2006.

_____
Edward C. Voss
United States Magistrate Judge