**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,           )<br>                                                     )<br>          Plaintiff/Respondent,   )<br>                                                     )<br> vs.                                              )<br>                                                     )<br>                                                     )<br> Alejandro Torres-Espinoza,      )<br>                                                     )<br>          Defendant/Movant.       )<br> _____) | CR 99-734-PHX-RGS<br>CV 05-476-PHX-RGS<br><br>**ORDER** |

Movant, Alejandro Torres-Espinoza, presently confined at the United States Penitentiary in Beaumont, Texas, filed a timely *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 on February 9, 2005. [Doc. # 517] The Government filed a Response on April 15, 2005 [Doc. # 534]. On May 16, 2005, Movant filed a Motion for Leave of Court to Stay Proceedings [Doc. # 544], which the Court denied on June 16, 2005 [Doc. # 554]. On November 14, 2005, Movant filed a Motion for Clarification Concerning Time Limitation Period and to Correct Defected (sic) § 2255 Motion. [Doc. # 564] Although filed as a motion, this pleading is essentially a reply to the statute of limitations argument raised by the government in its Response, along with a request to amend his petition. In support of his request to amend, Movant filed a "Memorandum of Law in Support of Motion to Vacate," in which he presents three new claims that he wishes to raise in an amended petition. [Doc. # 565]

The Magistrate Judge initially issued a Report and Recommendation on January 30, 2006, recommending that the petition be denied because it was not filed within the statute of limitations period. [Doc. # 572] In a subsequent motion, however, Movant informed the Court for the first time that one of his co-defendants had filed a petition for rehearing in the Ninth Circuit following the denial of their direct appeal. [Doc. # 576] Even though Movant had not joined the petition for rehearing, under Supreme Court Rule 13(3), the petition extended the time to file a petition for writ of certiorari, which in turn extended the date on which the statute of limitations began to run. Based on this new information, the Court determined that Movant's petition was indeed timely filed and referred the case back to the Magistrate Judge for a new Report and Recommendation. [Doc. # 584] On May 31, 2006, the Magistrate Judge issued a second Report and Recommendation, recommending that the petition be denied. [Doc. # 587] On July 14, 2006, Movant filed his Objections to the Report and Recommendation. [Doc. # 590] The Court has reviewed the entire record, including Movant's objections. For the reasons set forth below, the Court will adopt the Report and Recommendation and deny Movant's § 2255 motion.

**I.      BACKGROUND**

On June 15, 2001, the Court entered judgment and sentenced Movant to life imprisonment, plus 235 years and terms of supervised release following jury convictions for thirty-seven felony offenses, including conspiracy, hostage-taking, transporting and harboring illegal aliens, interstate communications, and possession or use of a firearm during a crime of violence. [Doc. # 350] Movant filed a direct appeal which was consolidated with those of his co-defendants. On October 9, 2003, the Ninth Circuit Court of Appeals affirmed Movant's convictions and sentences. *United States v. Torres-Espinoza, et al.*, 78 Fed. Appx. 563 (9th Cir. 2003).

Thereafter, one of Movant's co-defendants filed a petition for panel rehearing and petition for rehearing en banc on November 3, 2003, which was denied by the Ninth Circuit on December 4, 2003. Movant did not file a petition for writ of certiorari to the United States Supreme Court. On February 9, 2005, Movant filed his § 2255 motion in which he alleges

1  four grounds for relief: (1) that the district court erred by failing to sever his trial; (2) that the
2  district court erred by admitting certain evidence against him; (3) that the cumulative effect
3  of allowing inadmissible evidence was a denial of the right to a fair trial; and (4) that the new
4  law established in *United States v. Booker*, 543 U.S. 220 (2005), applies to his case.

**II.    DISCUSSION**

    **A.    Motion to Vacate, Set Aside or Correct Sentence**

The government argues in its Response that Movant's first three grounds for relief were rejected by the Ninth Circuit on direct appeal and are therefore barred from collateral review. With respect to ground four, the government argues that *Booker* does not apply retroactively to Movant's case. Movant does not respond to the government's arguments, but instead requests that he be allowed to amend his petition to raise new claims.

Movant concedes that his claims in grounds one, two, and three are the same claims that were rejected by the Ninth Circuit in his direct appeal. In the Report and Recommendation, the Magistrate Judge notes that the Ninth Circuit's ruling on those claims is binding and that Movant may not raise those claims on collateral review. *See United States v. Scrivner*, 189 F.3d 825, 827-28 (9th Cir. 1999). The Magistrate Judge therefore recommends that those claims be dismissed. With respect to Movant's *Booker* claim, the Magistrate judge recommends dismissal because *Booker* does not apply retroactively to Movant's claim on collateral review. *United States v. Cruz*, 423 F.3d 1119, 1121 (9th Cir. 2005). The Court agrees with the Magistrate Judge's analysis and will adopt the recommendation that these four claims be denied.

    **B.    Request to Amend**

In his motion for clarification, Movant asks that he be permitted to amend his petition. [Doc. # 564] In his accompanying Memorandum of Law, Movant proposes three ineffective assistance of counsel claims. [Doc. # 565] Movant filed his motion to amend and supporting memorandum on November 14, 2005, more that eight months after the statute of limitations expired. Accordingly, unless Movant's proposed amendments relate back to the date of the

timely filed original petition, the proposed amendments are outside the statute of limitations and must be rejected.

> Rule 15(c) of the Federal Rules of Civil Procedure provides in relevant part:
>
> An amendment of a pleading relates back to the date of the original pleading when
> . . .
>
> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading . . . .

In *Mayle v. Felix*, 125 S. Ct. 2562 (2005), the Supreme Court rejected a broad reading of "conduct, transaction, or occurrence" when determining whether an amended habeas petition relates back to the original. The Supreme Court held that an amended petition does not relate back and thereby avoid the statute of limitations bar "when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Id.* at 2566. Although the petition in *Mayle* involved a challenge to a state court conviction under 28 U.S.C. § 2254, the Court finds that the analysis also applies to post-conviction motions challenging federal convictions under 28 U.S.C. § 2255.

In his Report and Recommendation, the Magistrate Judge applied the *Mayle* standard and found that Movant's three new grounds for relief do not relate back to the original § 2255 motion because they are supported by facts that differ in both time and type from those set forth in the original. Each of Movant's three new claims allege ineffective assistance of counsel. Movant first contends that his counsel was ineffective by failing to seek suppression of statements Movant made to a law enforcement officer. Movant alleges that he made the statements without being told of his right to communicate with consular officials in violation of the Vienna Convention on Consular Relations and that counsel should have moved to suppress the statements on this basis. Second, Movant argues that his counsel rendered ineffective assistance by failing to discuss the benefits of cooperating with the government and entering a plea agreement. Third, Movant contends that counsel was ineffective by failing to discuss the implications of his testifying, thus effectively preventing him from exercising his right to decide whether to take the stand.

1  The Magistrate Judge concluded that Movant's proposed claims, which involve alleged errors by his trial counsel, have nothing at all to do with his original claims, which involve alleged errors by the trial judge, and that the new claims therefore do not relate back to the original claims under Rule 15(c)(2). The Magistrate Judge explained that because the memorandum in which the new claims were raised was filed after the statute of limitations period expired, the new claims are untimely. The Court agrees with the Magistrate Judge's conclusion that the new claims do not relate back to the date of the original claims and therefore are untimely. Accordingly, the Court will adopt the Magistrate Judge's recommendation that Movant's motion to amend be denied.

The Court has considered the objections raised by Movant in response to the Report and Recommendation. Movant requests the Court to "overrule[] the Magistrate Judge's R & R" and "find that his three claims are not time-barred." The Court finds Movant's arguments in this regard to be without merit.

### III. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** adopting the second Report and Recommendation of the Magistrate Judge filed on May 31, 2006. [Doc. # 587]

**IT IS FURTHER ORDERED** declining to adopt the initial Report and Recommendation of the Magistrate Judge filed on January 30, 2006. [Doc. # 572]

**IT IS FURTHER ORDERED** denying Movant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. [Doc. # 517]

**IT IS FURTHER ORDERED** denying Movant's Motion for Clarification

///
///

1  Concerning Time Limitation Period and to Correct Defected (sic) § 2255 Motion. [Doc. #
2  564]

3  **IT IS FURTHER ORDERED** directing the Clerk of the Court to enter judgment in
4  accordance with this order.

5  DATED this 19th day of September, 2007.

_____
Roger G. Strand
Senior United States District Judge